UNITED STATES of America, Plaintiff-Appellee,

v.

David Lee HALL, Defendant-Appellant.

No. 75–2079
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1976.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Craig Wilson, West Palm Beach, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Don R. Boswell, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant David Lee Hall was indicted with Matthew McIntosh for bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. McIntosh pled guilty and at Hall's trial testified to the effect that Hall had nothing to do with the robbery. Hall contends on appeal that the evidence was insufficient to support the jury verdict, that the trial court's repeated admonishment during its instructions to the jury to seek the truth was an improper and prejudicial comment on the evidence, and that the sentencing judge did not comply with *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct.

3042, 41 L.Ed.2d 855 (1974) in that he failed to indicate on the judgment and commitment order that defendant would not benefit from sentence under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. Appellant's contentions are without merit, and we affirm.

The record establishes that appellant was at the scene of the robbery, that he drove the getaway car, that he was apprehended within minutes after the robbery in the vehicle observed at the bank, in possession of the exact amount of money stolen from the bank including marked "bait" money, and that the stolen money was partially concealed under the front seat. The police officer who apprehended appellant found a loaded pistol beneath the armrest of the front seat. Obviously the evidence was sufficient to establish guilt.

In regard to defendant's challenge to the court's emphasis on the word "truth" in instructing the jury to seek out the truth in assessing the evidence, we find no error. It is appellant's contention that because there was no material dispute of fact created by the testimony of the witnesses, the court's continuous admonishment to the jury to seek the truth was in effect a command to discount the testimony of defendant and his witness. This argument on its face is without merit, and a careful review of the instructions in their entirety reveals no prejudice to defendant. *See United States v. Wells,* 5 Cir., 1975, 506 F.2d 924; *United States v. Hill,* 5 Cir., 1974, 496 F.2d 201.

We finding nothing in *Dorszynski v. United States, supra,* to justify appellant's contention that the district court's finding that a defendant would not benefit from sentence under Section 5010(d) of the Federal Youth Corrections Act should be explicitly set forth on the judgment and commitment form. In *Dorszynski,* the Supreme Court held:

"Literal compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing

under the Act and decided that the youth offender would not derive benefit from treatment under the Act."

The district judge complied with *Dorszynski's* command in this case. He said:

"Sentence of law and judgment of the Court—David Lee Hall be and he is hereby committed to the custody of the Attorney General or lawfully authorized representative for confinement for a period of five years or until he is sooner discharged by due process of law and in imposing sentence the Court has carefully considered the Youth Act but has rejected its application as being not indicated."

Affirmed.