[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16981
Non-Argument Calendar

_____

D. C. Docket No. 05-20436-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRAIG CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 8, 2006)**

Before TJOFLAT,WILSON and FAY, Circuit Judges.

PER CURIAM:

Graig Clarke appeals his convictions for conspiracy to import cocaine, 21 U.S.C. § 963; conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846; importation of cocaine, 21 U.S.C. § 952; and attempted possession with intent to distribute cocaine, 21 U.S.C. § 846. On appeal, Clarke argues that the evidence was insufficient to sustain his convictions and also challenges the district court's instructions to the jury that its interest was to seek the truth and to let its verdict speak the truth. For the reasons set forth more fully below, we affirm.

All four charges against Clarke stem from the delivery of a package sent from the Bahamas and addressed to Clarke's nephew, Travis Lee Clarke, which contained cocaine hidden inside two computer casings. The package was intercepted by customs officers, who replaced the cocaine with sham cocaine and attached electronic equipment to monitor when a casing was moved and when it was opened. An undercover agent delivered the package to Travis Lee Clarke's house, where Clarke was also staying. Both Clarke and Travis Lee Clarke were involved in the process of accepting the delivery, although the testimony of the undercover agent and Clarke differed greatly as to Clarke's role in the transaction. The package was moved and a casing opened over an hour and a half later while both Clarke and his nephew were inside the house.

2

## I. Sufficiency of the evidence

Clarke challenges the sufficiency of the evidence as to all four charges, arguing that the evidence pointed to Travis Lee Clarke's involvement only. He further argues that there was no evidence that he agreed to import a controlled substance or to possess cocaine with the intent to distribute, there was no evidence tying him to the package or showing that he was involved in opening the package or handling its contents, and there was no evidence that he had any contacts for further distribution of the cocaine. He contends that his conviction for importation of cocaine can only be sustained on an aiding and abetting theory because he did not personally participate in the importation of cocaine and an instruction on co-conspirator liability was not given.

We review the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We also make all reasonable inferences and credibility choices in favor of the government and the jury's verdict. Id. We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." Id. "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of

3

the evidence." United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997). Moreover, a jury can disbelieve a witness and infer that the opposite of his testimony is true. See United States v. Hasner, 340 F.3d 1261, 1272 (11th Cir. 2003).

Conspiracy to import cocaine into the United States requires proof that: (1) "there existed an agreement between two or more persons to import narcotics into the United States," and (2) "the defendant knowingly and voluntarily participated in that agreement." United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006). The evidence must also show that the defendant knew that the cocaine would be imported. United States v. Camargo-Vergara, 57 F.3d 993, 1000 (11th Cir. 1995). "To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt (1) that a conspiracy existed; (2) that the defendant knew of it; and (3) that the defendant, with knowledge, voluntarily joined it." United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (citation and quotation marks omitted). The agreement forming the basis of the conspiracy can be proved "by circumstantial evidence, through 'inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.'" United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990) (citation omitted).

4

"In order to prove that a defendant imported controlled substances in violation of 21 U.S.C.A. § 952(a), the government must establish that the defendant imported such substances into the United States from any place outside thereof." United States v. Kelly, 749 F.2d 1541, 1546 (11th Cir. 1985) (citation and quotation marks omitted).

> To sustain a conviction for attempted possession with intent to distribute cocaine, the government must prove beyond a reasonable doubt that the defendants (1) acted with the kind of culpability required to possess cocaine knowingly and wilfully and with the intent to distribute it; and (2) engaged in conduct which constitutes a substantial step toward the commission of the crime under circumstances strongly corroborative of their criminal intent.

United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). "To prove guilt under a theory of aiding and abetting, the Government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000).

The circumstantial evidence in this case supports a reasonable inference that Clarke conspired with Travis Lee Clarke to import and possess with intent to distribute cocaine, attempted to possess with intent to distribute cocaine, and, either as a principal or under an aiding and abetting theory, imported cocaine.

5

Based on the evidence, the jury could infer that Clarke purchased the money order that was used to pay the C.O.D. charges on the package and, after unsuccessfully trying to represent himself as Travis Lee Clarke, controlled the delivery transaction between the undercover agent and Travis Lee Clarke. Based on the location of the package relative to Clarke's bedroom and in light of the fact that the computer casings were neither moved nor opened until shortly after Clarke returned after leaving the house for 90 minutes, the jury could infer that Clarke opened the casings. Given the short amount of time between when the casings were moved and when the screws were removed to open one of the casings, the jury could infer that the person who opened the casings had prior knowledge that they contained cocaine. Moreover, the jury could disbelieve Clarke's testimony that he was not involved with the cocaine or the package and infer that the opposite was true. See Hasner, 340 F.3d at 1272.

Based on these inferences, the evidence was sufficient, at least under an aiding and abetting theory, for the jury to find that Clarke imported cocaine from the Bahamas. These inferences also establish the necessary culpability and substantial step required for attempted possession with intent to distribute. Based on the six and a half kilograms of cocaine contained in the package, the presence of items — the heat sealing machine in the kitchen and the scale in Clarke's bedroom

6

— that could be used in drug distribution, and testimony that such quantity was not consistent with personal use, the jury could infer an intent to distribute.

Based on these inferences, combined with Clarke's cooperation with Travis Lee Clark in accepting delivery of the package and evidence that the package was addressed to Travis Lee Clarke, the jury could reasonably infer an agreement between Clarke and Travis Lee Clarke to import cocaine and to possess with the intent to distribute cocaine. The inference that Clarke had prior knowledge that the package contained cocaine combined with evidence that the package was sent from the Bahamas was sufficient to show that Clarke knew that the cocaine was imported. Accordingly, the evidence was sufficient to sustain Clarke's convictions on all four counts.

## II. Jury instructions

Clarke argues that the district court's instruction to the jury that its only interest was to seek the truth and its statement to let the jury's verdict speak the truth, improperly undermined the district court's previously stated instructions regarding proof beyond a reasonable doubt and led the jury to convict on a lesser showing than proof beyond a reasonable doubt.

Where the defendant fails to object to a jury instruction before the district court, we review that instruction for plain error. United States v. Hasson, 333 F.3d

1264, 1277 (11th Cir. 2003). Under plain error review, there must be: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three of those conditions are met, the court may exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. LeCroy, 441 F.3d 914, 930 (11th Cir. 2006). In order for an error to be plain, it must be obvious or clear under current law. United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000). "[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." Id. (citation and quotation marks omitted).

None of the federal cases Clarke cites in his brief resolve the issue of whether instructing the jury to seek the truth or to let its verdict speak the truth is error. In United States v. Hall, 525 F.2d 970, 971 (5th Cir. 1976), we rejected the defendant's argument that the district court's "repeated admonishment during its instructions to the jury to seek the truth was an improper and prejudicial comment on the evidence." In addition, two circuits have rejected the argument that instructing the jury to seek the truth would lead the jury to infer that it did not have to find guilt beyond a reasonable doubt. United States v. Gonzalez-Balderas, 11 F.3d 1218, 1223 (5th Cir. 1994); United States v. Goodlow, 597 F.2d 159, 163 (9th

8

Cir. 1979). Accordingly, the error, if any, by the district court was not clear or obvious, and, therefore, Clarke cannot establish that the district court plainly erred in giving the challenged instructions.

In light of the foregoing, we hold that Clarke's convictions are supported by substantial evidence and find no plain error in the district court's instructions to the jury.

**AFFIRMED.**