[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV - 8 2000
THOMAS K. KAHN
CLERK

_____

No. 99-12061
Non-Argument Calendar

_____

D.C. Docket No. 97-06051-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN ANTHONY GERROW,
a.k.a. Damien Gerrow, etc.,
ANNETTE MARIE GERROW,
a.k.a. Annette Brown, et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Southern District of Florida

_____
**(November 8, 2000)**

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Appellants Sean Anthony Gerrow and Annette Marie Gerrow were tried and convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846, and attempt to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846. Their co-defendant, Appellant Clarence Allen Forrester, was tried and convicted of the same crimes and of carrying a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c)(1), and assaulting a special agent of the DEA engaged in the performance of his official duties, 18 U.S.C. § 111(a). On appeal, Appellants raise several issues. The only two issues warranting discussion are Appellant Forrester's failure to allocute claim and the Gerrows' claims that their sentences were imposed in violation of the principle the Supreme Court announced in *Apprendi v. New Jersey*, __ U.S. __, 120 S. Ct. 2348 (2000).[1]

---

[1]Appellants also challenge the amount of drugs the district court attributed to them and the denial of their requests for minor-role reductions. Appellants Sean and Annette Gerrow challenge the district court's imposition of a firearm enhancement. Appellants Annette Gerrow and Forrester claim the district court improperly admitted into evidence the testimony of a financially-motivated Government informant, refused to sever the trial, admitted into evidence the statements of non-testifying co-defendants, and failed to sanction the Government for alleged discovery violations. Appellant Forrester challenges the district court's failure to directly offer him an opportunity to allocute at sentencing, the sufficiency of the evidence to support his § 924 conviction, and the accuracy of the district court's jury instructions regarding flight. Appellant Sean Gerrow challenges the district court's determination of his criminal history category. We affirm these issues pursuant to 11th Cir. R. 36-1.

# I.  STANDARD OF REVIEW

We generally review the legality of a criminal sentence de novo.  *See United States v. Tamayo*, 80 F.3d 1514, 1518 (11th Cir. 1996).  A district court's failure to address a defendant personally at sentencing is reviewed for plain error, however, where the defendant failed to make a timely objection.  *See id.* at 1521.  The Gerrows did not challenge the constitutionality of the district court's finding of drug quantity, nor did they challenge the omission of the quantity from the indictment.  The *Apprendi* claim is therefore reviewed for plain error.  *See United States v. Swatzie*, 228 F.3d 1278 (11th Cir. 2000), slip op. at 46.

# II.  DISCUSSION

## A.  Appellant Forrester's Failure to Allocute Claim

Before imposing a sentence, the district court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence[.]" Fed. R. Crim. P. 32(c)(3)(C).  This process permits a defendant "an opportunity to plead personally to the court for leniency in his sentence by stating mitigating factors and to have that plea considered by the court in determining the appropriate sentence." *Tamayo*, 80 F.3d at 1518.  The district court must clearly inform the defendant of his allocution rights, leaving "no room for doubt that the defendant has been issued a personal invitation to speak prior

3

to sentencing." *Green v. United States*, 365 U.S. 301, 305, 81 S. Ct. 653, 655 (1961). If the district court fails to afford a defendant such an opportunity, but the defendant does not object, this Court will remand only if "manifest injustice" results from the omission. *Tamayo*, 80 F.3d at 1521.

Before imposing the sentence, the district court asked Appellant Forrester's attorney whether his client wished to address the court. Since the district court had disclosed its intention to impose a sentence at the lowest end of the guidelines, counsel replied, "In light of your announcements, Your Honor, no. It is not necessary." The court then asked, "Is there anybody else here who would like to speak for him?" Counsel stated he wished to adopt the statements made by Appellant Forrester's family at the sentencing hearing. The district court then imposed a sentence at the lowest end of the guideline range.

The district court's failure to address Appellant Forrester personally did not result in manifest injustice. Counsel's response to the district court's invitation for Appellant to speak suggests Appellant did not intend to address the court directly. Appellant instead chose to rely on statements by his wife and counsel in light of the district court's announced intention to impose a sentence at the lowest end of the guideline range. Further, Appellant offers nothing which, if conveyed personally to the district court, could have resulted in a sentence lower than the lowest end of the

guideline range. Accordingly, Appellant Forrester suffered no prejudice or "manifest injustice." *Tamayo*, 80 F.3d at 1521; *United States v. Rodriguez-Velasquez*, 132 F.3d 698, 700 (11th Cir. 1998) (no manifest injustice where defendant did not object to amount of sentence and was sentenced at lowest end of guideline range).

B.  Gerrows' *Apprendi* claims

1.  Terms of Imprisonment.

In *Apprendi*, the Supreme Court stated, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63.  Here, the district court determined at sentencing the drug quantities for which Appellants were responsible.  Appellant Annette Gerrow was sentenced to 151 months' imprisonment and 5 years' supervised release, and Appellant Sean Gerrow was sentenced to 235 months' imprisonment and 5 years' supervised release.  Both of the imprisonment sentences are below the statutory maximum of 20 years, set forth in 21 U.S.C. § 841(b)(1)(C), for a cocaine offense without reference to drug quantity.  This statutory maximum applies to the Gerrows because the drug quantity in this case was not alleged in the  indictment or proven to the jury beyond a reasonable doubt.  *See United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000), slip op. at 82  (holding that defendant must be sentenced without regard

5

to drug quantity where drug quantity is not charged in the indictment and proven to a jury beyond a reasonable doubt).

The Gerrows concede the rule of *Apprendi* does not apply to the imprisonment portions of their sentences, as the terms of imprisonment imposed were below the "prescribed statutory maximum."[2]  We agree and hold there is no error, plain or otherwise, under *Apprendi* where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity.   Other circuits that have considered the issue have reached the same conclusion.  *See, e.g., United States v. Angle*, 4th Cir., 2000, __ F.3d __ (Nos. 96-4662, 96-4672, and 99-4187, October 12, 2000); *United States v. Doggett*, 5th Cir., 2000, __ F.3d __ (No. 99-50380, October 6, 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir. 2000).

2.  Terms of Supervised Release.

The Gerrows do, however, argue that the supervised release portions of their sentences violate the rule of *Apprendi*.  Both were sentenced to 5 years of supervised release.  Section 841(b)(1)(C), the provision which provides the statutory maximum sentence for Appellants, provides for "a term of supervised release of at least 3

---

[2]Appellant Annette Gerrow makes this concession in her supplemental brief.  Appellant Sean Gerrow previously adopted all issues already raised and all additional issues raised by co-appellants.

years[.]" A violation of § 841(b)(1)(C) is a Class C felony because the maximum term of imprisonment for such a violation is 20 years. *See* 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 3583(b)(2), the maximum term of supervised release for a Class C felony is 3 years, "[e]xcept as otherwise provided[.]" The Gerrows claim 3 years is therefore the maximum term of supervised release under § 841(b)(1)(C). Most circuits that have addressed this issue have concluded that § 841(b)(1)(C) provides only a minimum term of supervised release, and that any term over that minimum may be imposed notwithstanding the provisions of § 3583(b)(2). *See, e.g., United States v. Abbington*, 144 F.3d 1003, 1006 (6th Cir. 1998); *United States v. Bongiorno*, 139 F.3d 640, 641 (8th Cir. 1998); *United States v. Garcia*, 112 F.3d 395, 397-98 (9th Cir. 1997); *United States v. Orozco-Rodriguez*, 60 F.3d 705, 707-08 (10th Cir. 1995); *United States v. Eng*, 14 F.3d 165, 172-73 (2d Cir.), *cert. denied*, 115 S. Ct. 54 (1994). *But see United States v. Good*, 25 F.3d 218, 221 (4th Cir. 1994) (a term of supervised release under § 841 cannot exceed the maximum term authorized by § 3583(b)); *United States v. Kelly*, 974 F.2d 22, 24-25 (5th Cir. 1992) (same). We have no circuit precedent on this issue.[3]

---

[3]Appellants rely on *United States v. Hofierka*, 83 F.3d 357, 360 n.6 (11th Cir. 1996) in support of their position. That case, however, merely noted that, pursuant to 18 U.S.C. § 3583(e), the maximum term of imprisonment upon revocation of supervised release where the underlying offense was a Class A felony drug offense was 5 years. *Hofierka* did not dispose of the issue Appellants raise in this case.

Appellants did not raise this issue before the district court. "Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Swatzie*, 228 F.3d, slip op. at 46 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1548-49 (1997)). An error cannot meet the "plain" requirement of the plain error rule if it is not "obvious" or "clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993)); *see also United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000). We have therefore held that "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *Aguillard*, 217 F.3d at 1321 (citing *Humphrey*, 164 F.3d at 588).

Here, there is no Supreme Court or Eleventh Circuit precedent on the issue of whether § 3583(b)(2) provides the maximum term of supervised release for a defendant sentenced under § 841(b)(1)(C). It is unnecessary for us to decide the issue today. Not only are the other circuits that have addressed the issue split, but the majority of them have resolved it against the position Appellants take here.

8

Accordingly, the district court could not have committed plain error in imposing terms of supervised release in excess of 3 years, regardless of the quantity of drugs involved. *See Aguillard*, 217 F.3d at 1321.

## III. Conclusion

For the reasons stated above, Appellants' convictions and sentences are affirmed.

AFFIRMED.