[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-12106
Non-Argument Calender

_____

D.C. Docket Nos. 02-61421-CV-ASG & 97-06051-CR-ASG


ANNETTE MARIE GERROW,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 14, 2005)


Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Annette Marie Gerrow appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence.[1] We affirm the district court.

Gerrow filed the instant § 2255 motion to vacate, alleging: (1) the district court erred in enhancing her base offense level as a result of her codefendant's firearm charge, (2) the prosecutor failed to disclose exculpatory evidence regarding the actual drug amount for which she should be held responsible, rendering her conviction unconstitutional, and (3) her counsel was ineffective in failing to raise these issues. The district court denied Gerrow's § 2255 motion, but granted her request for a certificate of appealability (COA) on the following issue: "whether [her] constitutionally guaranteed right to counsel was violated where [her] trial attorney did not appeal the enhancement of her base offense level."

Gerrow now raises two issues: (1) whether her counsel was ineffective in appealing the imposition of the firearm enhancement, and (2) whether her counsel was ineffective for telling her that she was ineligible for a safety-valve reduction.[2]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal.

[2] Gerrow made no mention of her counsel's ineffective assistance in relation to the safety-valve provision in her § 2255 motion before the district court, and cannot raise this issue for the first time on appeal. *See Narey v. Dean*, 32 F.3d 1521, 1526–27 (11th Cir. 1994) (refusing to consider arguments not raised in the district court with certain exceptions which do not apply here). Furthermore, the COA limited the issue on appeal to "whether Gerrow's constitutionally guaranteed

Specifically, Gerrow asserts the record did not indicate she knew of her codefendant's possession of a firearm, and the firearm enhancement should not have been imposed because her codefendant's possession of the firearm was not reasonably foreseeable to her. She admits she raised this issue on direct appeal, but she contends that, because we did not specifically address the issue, the law of the case doctrine does not preclude her from presenting this issue again.

Gerrow asserted her claim regarding the firearm enhancement on direct appeal, *see United States v. Gerrow*, 232 F.3d 831, 833 n.1 (11th Cir. 2000), and, thus, this issue cannot be re-litigated in a subsequent § 2255 motion to vacate, *see United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). However, Gerrow also challenges, and the COA permits, an appeal regarding the effectiveness of her counsel in raising this claim on direct appeal.

On appeal from a denial of a motion to vacate, set aside, or correct sentence, a claim of ineffective assistance of counsel is a mixed question of law and fact subject to de novo review. *Greene v. United States*, 880 F.2d 1299, 1305 (11th

right to counsel was violated where [her] trial attorney did not appeal the enhancement of her base offense level." The safety-valve provision is not an enhancement, but a mechanism that permits a defendant subject to a statutory mandatory minimum to be sentenced within the guideline range. *See* U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). Accordingly, this issue is beyond the scope of the COA issued by the district court, which permitted Gerrow to appeal only her claims regarding ineffective assistance in regards to sentencing enhancements, and, therefore, this issue is not properly before us. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir.1998).

Cir. 1989). To establish ineffective assistance of counsel, Gerrow must show that: (1) her counsel's performance fell below an objective standard of reasonable assistance, and (2) there is a reasonable probability the outcome would have been different but for her counsel's unprofessional errors, i.e., counsel's deficient performance was prejudicial. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).

A review of our opinion in Gerrow's direct appeal reveals Gerrow's counsel challenged the imposition of the firearm enhancement, and we summarily affirmed as to this issue, under 11th Circuit Rule 36-1. *Gerrow*, 232 F.3d at 833 n.1. Nothing in the record or in our opinion indicates Gerrow's counsel did not adequately raise the argument regarding the firearm enhancement on direct appeal. Rather, after considering the argument, we elected to summarily affirm as to this issue under 11th Circuit Rule 36-1. Gerrow has not shown how her counsel's performance in relation to this issue fell below an objective standard of reasonable assistance. *See Strickland*, 104 S. Ct. at 2064, 2068. Accordingly, we affirm the district court's denial of Gerrow's § 2255 motion.

**AFFIRMED.**