[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13889
Non-Argument Calendar

_____

D. C. Docket No. 04-14033-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR LYNDEN KNOWLES,
a.k.a. Lindy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 9, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Oscar Lynden Knowles appeals his sentence imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a). Knowles sets forth two grounds for appeal, claiming (1) the district court plainly erred by failing to address him personally and inquiring whether he wished to allocute, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii); and (2) the district court clearly erred by imposing a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). We affirm the district court.

## I. DISCUSSION

### A. *Failure to address Knowles personally*

"A district court's failure to address a defendant personally at sentencing is reviewed for plain error . . . where the defendant failed to make a timely objection." *United States v. Gerrow*, 232 F.3d 831, 833 (11th Cir. 2000). "If the district court fails to afford a defendant such an opportunity, but the defendant does not object, this Court will remand only if 'manifest injustice' results from the omission." *Id.* at 834. "Our case law equates manifest injustice with the plain error standard of review." *United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002). To demonstrate manifest injustice, a petitioner must show: (1) there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that

affected the fundamental fairness of the proceedings. *Id.* In *United States v. Prouty*, 303 F.3d 1249, 1253 (11th Cir. 2002), we held the district court committed reversible plain error when it failed to give the defendant opportunity to allocute and did not sentence him at the "lowest possible sentence within the applicable guideline range."

Before imposing a sentence, the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). "This process permits a defendant an opportunity to plead personally to the court for leniency in his sentence by stating mitigating factors and to have that plea considered by the court in determining the appropriate sentence." *Gerrow*, 232 F.3d at 833 (internal citations omitted). "The district court must clearly inform the defendant of his allocution rights, leaving no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* (internal citations omitted). We held no manifest injustice occurred where, before imposing the sentence, the district court asked the defendant's attorney whether his client wished to address the court and counsel replied, "In light of your announcements, Your Honor, no. It is not necessary," and the defendant's family members spoke on the defendant's behalf. *Id.* at 834. We also held no manifest injustice occurred where the

defendant did not object to length of sentence and was sentenced at lowest end of the mandatory guideline range. *United States v. Rodriguez-Velasquez*, 132 F.3d 698, 700 (11th Cir. 1998). When the defendant "offers nothing which, if conveyed personally to the district court, could have resulted in a sentence lower than the lowest end of the guideline range," he is unable show he suffered "manifest injustice." *Gerrow*, 232 F.3d at 834.

The district court committed plain error by failing to address Knowles personally, but Knowles did not carry his burden to show this error resulted in manifest injustice. First, even after the Government questioned whether Knowles had been afforded an opportunity to allocute, and the district court stated it thought he had, neither Knowles nor his counsel argued the court was mistaken. Second, right after this discussion between the court and the Government, the court asked Knowles' attorney whether there was "anything further," and Knowles' counsel answered: "No, Your Honor." Third, numerous character witnesses and Knowles' counsel spoke on Knowles' behalf and asked the court for leniency. Fourth, the court imposed a sentence below the advisory Guidelines range based in part on Knowles' family statements. Finally, there is nothing in the record indicating had Knowles addressed the court personally, apologized, and accepted responsibility for his actions, as he claims he would have, he would have received a shorter

4

sentence. The court had already granted a two-level reduction for acceptance of responsibility and departed from the advisory Guidelines range because of Knowles' family pleas for mercy. Thus, the record reveals Knowles failed to carry his burden of proof that manifest injustice resulted from the district court's error.

B. *Firearm enhancement*

We review a district court's finding of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Guidelines to those facts de novo. *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995). Section 2D1.1(b) of the Guidelines, which sets out specific offense characteristics pertaining to drug offenses, provides a two-level increase in the base offense level "if a dangerous weapon (including firearm) was possessed." The commentary provides "[t]he adjustment should be applied if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). We have held "once the Government has shown proximity of the firearm to the site of the charged offense, the evidentiary burden shifts to the defense to demonstrate that a connection between the weapon and the offense is 'clearly improbable.'" *Hall*, 46 F.3d at 63. We held the enhancement was justified based on the proximity of a handgun to several drug-related objects in the same house where conversations about marijuana importation occurred. *Id.*

The district court did not clearly err by imposing a two-level firearms enhancement. The record revealed Knowles conducted drug transactions at his Coral Springs and Fort Lauderdale residences, where the guns were found. It is also undisputed that Knowles arranged to make deliveries of cocaine at his Coral Springs residence and that he stored cocaine there. Thus, the evidence reveals the presence of firearms in the residences where Knowles conducted his drug transactions. Knowles failed to present any evidence indicating the firearms were not connected to the charged offense. Contrary to Knowles' argument, nothing in the record demonstrates the drug transaction at his Coral Springs residence took place in the kitchen, and not in the bedroom, where the firearms were found. Further, the fact the guns may have been in a different room of the same house is not enough to show clear error. Thus, Knowles failed to show it was "clearly improbable" there was a connection between the firearms and drug activities. Accordingly, the district court did not clearly err by holding Knowles responsible for the possession of a firearm under U.S.S.G. § 2D1.1(b)(1).

## II. CONCLUSION

The district court committed plain error by failing to address Knowles personally, but Knowles did not carry his burden to show this error resulted in

manifest injustice. Additionally, the district court did not clearly err by holding

Knowles responsible for the possession of a firearm under U.S.S.G. § 2D1.1(b)(1).

AFFIRMED.