[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11140
Non-Argument Calendar

_____

D. C. Docket No. 05-60233-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JULIO MEJIA HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Julio Mejia Hernandez appeals his 41-month sentence for illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2), imposed after a plea of guilty. On appeal, Mejia Hernandez argues that his Fifth and Sixth Amendment rights were violated when, based on his prior federal conviction for possession with intent to distribute cocaine, the district court enhanced his sentence under § 1326(b)(2) and applied a 16-level Guideline enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(I).[1] For the reasons set forth more fully below, we affirm.

We review de novo Mejia Hernandez's preserved constitutional challenge to his sentence based on the failure of the indictment to allege his prior conviction. See United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604 (2006). Mejia Hernandez's challenge to the 16-level Guideline enhancement is raised for the first time on appeal. He also argues, for the first time on appeal, that the district court should not have made the finding that his conviction was an aggravated felony under § 1326(b)(2), because such a finding was analogous to judicial fact-finding about the character of a prior conviction prohibited by Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). These two arguments are reviewed for plain error. See

---

[1] This sections requires a 16-level increase in the offense level of a defendant who previously was deported or unlawfully remained in the United States after a felony drug trafficking offense conviction for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A)(I).

United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005).  Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights.  Id.  If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (citation and quotation marks omitted).  In order for an error to be plain, it must be obvious or clear under current law.  United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000).

We find neither error nor plain error.  Section 1326(a) establishes a two-year maximum sentence for aliens who illegally re-enter the United States after being deported.  8 U.S.C. § 1326(a).  Pursuant to § 1326(b)(2), however, if an alien's initial removal was subsequent to a conviction for an aggravated felony, the statutory maximum increases to 20 years' imprisonment.  Id. § 1326(b)(2).  In Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998),  the United States Supreme Court held that the aggravated felony conviction required under § 1326(b)(2) was not an element of the offense and, thus, the prior conviction need not be alleged in the indictment.  See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).  Under Almendarez-Torres, Mejia Hernandez's prior conviction did not need to be charged in the indictment nor proved beyond a reasonable doubt in order for that conviction to be used to

3

increase his statutory maximum sentence or Guideline range. See United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir.), cert. denied, 126 S.Ct. 2946 (2006); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005). As we have repeatedly recognized, Almendarez-Torres remains the law until it is overruled by the Supreme Court. See, e.g., Greer, 440 F.3d at 1273; Camacho-Ibarquen, 410 F.3d at 1316 n.3.

Mejia Hernandez's argument that the district court improperly determined that his prior federal conviction for possession with intent to distribute cocaine was an aggravated felony under § 1326(b)(2) also fails because it was a question of law for the district court to decide. An aggravated felony for the purposes of § 1326(b)(2) includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Whether a prior conviction is an aggravated felony under § 1101(a)(43) is a question of law. Ramsey v. I.N.S., 55 F.3d 580, 582 (11th Cir. 1995). Shepard is inapposite as the court need only find that Mejia Hernandez had a felony conviction for violating 21 U.S.C. § 841. Drug trafficking crimes under § 924(c)(2) include felonies punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq.. 18 U.S.C. § 924(c)(2). Section 841 criminalizes possession with intent to distribute a controlled substance.

4

21 U.S.C. § 841(a)(1). Where the offense involves cocaine,[2] the defendant faces a statutory maximum term of imprisonment of at least 20 years. 21 U.S.C. § 841(b)(1)(A)-(C). Thus, the district court did not err in determining that Mejia Hernandez's federal conviction for possession with intent to distribute cocaine was an aggravated felony under § 1326(b)(2).

In light of the foregoing, we find no error in Mejia Hernandez's sentence.

**AFFIRMED.**

---

[2] Cocaine is a schedule II controlled substance. 21 U.S.C. § 812.