[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14822
Non-Argument Calendar
_____

D. C. Docket No. 06-00048-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO ROLANDO TOBAR-CAMPOS,
a.k.a. Tony,
a.k.a. Anthony Tovar,
a.k.a. Rolando Gutierrez-Jaimes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 25, 2007)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Hugo Rolando Tobar-Campos appeals his 13-month sentence imposed following his guilty plea to knowingly transporting an illegal alien within the United States in furtherance of the alien's violation of the law and illegal presence in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

On appeal, Tobar-Campos first argues that the district court plainly erred by (a) failing to give him notice pursuant Fed.R.Crim.P. 32(h) before it imposed a sentence above the advisory Guidelines range; (b) departing under U.S.S.G. § 5K2.0 because it relied on his drug dealing activities and those of his brother that was not relevant to the instant offense under U.S.S.G. § 1B1.3, and it failed to find that there existed an aggravating or mitigating circumstance of a kind or to a degree that was not adequately taken into consideration by the Guidelines; (c) departing from the applicable criminal history category under U.S.S.G. § 4A1.3 because it failed to make findings as to the next criminal history category and determine if he closely resembled defendants in that category; and (d) incorrectly interpreting the Guidelines to allow for an upward departure from the base offense level. Second, Tobar-Campos argues that his sentence was unreasonable because the district court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a). We address each argument in turn.

## I. District Court's Imposition of a Variance Sentence

We generally review the district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S.Ct. 812 (2005). However, because Tobar-Campos did not object below to the district court's sentence above the Guidelines nor to the lack of notice, we review these claims for plain error only. See United States v. Gerrow, 232 F.3d 831, 835 (11th Cir. 2000) Under plain error review, we may, at our discretion, correct an error where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted).

In United States v. Eldick, 443 F.3d 783 (11th Cir.), cert. denied, 127 S.Ct. 251 (2006), we noted that the district court's decision to sentence Eldick above the Guidelines range did not constitute an upward departure, but rather was an exercise of discretion. We noted two factors in support of its conclusion: (1) "the court did not cite to a specific guidelines departure provision" and (2) the district court judge stated that "the guidelines did 'not adequately take into account the severity of the damage done by Mr. Eldick," and therefore, it found that they should not be

applied. 433 F.3d at 788 n.2.  Additionally, in <u>United States v. Irizarry</u>, 458 F.3d

1208, 1211-12 (11th Cir. 2006), <u>pet. for cert. filed</u>, (U.S. Oct. 26, 2006) (No. 06-

7517), we held that a district court, after correctly calculating the Guidelines range

and considering the sentencing factors under § 3553(a), imposed a sentence above

the Guidelines range pursuant to its <u>Booker</u> discretion, and not pursuant to an

upward departure.  In that case, the district court found that the maximum time to

which Irizarry could be sentenced was "<u>best for society</u>," and the "guideline range

[was] not appropriate" because it was not "high enough."  <u>Id.</u> at 1210, 1211

(emphasis in original).

> Federal Rule of Criminal Procedure 32(h) requires that:
>
> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must first give the parties reasonable notice that it is contemplating such a departure.  The notice must specify any ground on which the court is contemplating a departure.

Fed.R.Crim.P. 32(h); <u>see</u> <u>also</u> <u>Burns v. United States</u>, 501 U.S. 129, 138, 111 S.Ct.

2182, 2187, 115 L.Ed.2d 123 (1991) (same).  Significantly, we have held that this

requirement, addressed as it is to departures from the Guidelines, does not apply to

variances from the Guidelines under <u>Booker</u>.  <u>Irizarry</u>, 458 F.3d at 1212.  "After

<u>Booker,</u> parties are inherently on notice that the sentencing Guidelines range is

advisory [, . . . and] parties cannot claim unfair surprise or inability to present

4

informed comment . . . when a district court imposes a sentence above the Guidelines range based on the section 3553(a) sentencing factors." Id.

Here, it is apparent that the district court did not impose a departure pursuant to either U.S.S.G. §§ 4A1.3 or 5K2.0, because it explicitly stated that it was not imposing a Guidelines departure, but rather was imposing an above-Guidelines sentence pursuant to its Booker discretion. The court never cited any provision under the Guidelines regarding a departure, made no findings usually required under the Guidelines to support a departure, and analyzed Tobar-Campos's sentence under the 18 U.S.C. § 3553(a) sentencing factors. Thus, considering the district court's explicit statements and actions to the contrary, Tobar-Campos's argument that the district court improperly imposed a Guidelines departure is without merit.

Moreover, as it is apparent that the district court imposed a variance using its Booker discretion, and not a Guidelines departure, Tobar-Campos's argument that the district court erred in not giving him notice under Fed.R.Crim.P. 32(h) is meritless, as the district court explained its reasons for not providing such notice, and we have previously held that such notice is not required in the case of a district court's imposition of a Booker variance.

5

## II. Reasonableness of Tobar-Campos's Sentence

As an initial matter, the government contends that we should review this issue for plain error because Tobar-Campos failed to object below to the procedural or substantive reasonableness of his sentence. Upon review of the record, the government's argument appears to be correct. In any event, Tobar-Campos's sentence can be affirmed as reasonable, and the plain error test would not produce a different result.

We review the final sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. 220, 260, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005)). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). Unreasonableness may be procedural, when the court's procedure does not follow Booker's requirements, or substantive. United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). In order to impose a procedurally reasonable sentence, the district court must first correctly calculate the Guidelines. Talley, 431 F.3d at 786. Second, the district court must consider the following factors, set forth in 18

6

U.S.C. § 3553(a), to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. Id.

The district court is not required to discuss each § 3553(a) factor, and "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section § 3553(a) is sufficient under Booker." Talley, 431 F.3d at 786. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we will not

"substitute our judgment in weighing the relevant factors because our review is not de novo." Id. (citation omitted).

Here, Tobar-Campos's 13-month sentence was reasonable. First, the district court was not required to explicitly address every single 18 U.S.C. § 3553(a) factor in order to comply with Booker. Nevertheless, the court stated that it had considered the statements of the parties, the PSI, and the 18 U.S.C. § 3553(a) sentencing factors. In explaining its reasons for the imposition of Tobar-Campos's sentence, the court emphasized that it was concerned that while in the United States illegally, he was involved in the transportation of illegal aliens, manufacturing of false identifications, and distributing drugs. Additionally, the court noted that it was important to send a message to other similarly situated defendants. Thus, in imposing Tobar-Campos's sentence, the court explicitly considered the nature and circumstances of his offense and the history and characteristics of Tobar-Campos, as well as the need to deter future criminal acts. Further, because the court explicitly acknowledged that the Guidelines were advisory, stated that a within-Guidelines sentence was not sufficient to comply with the statutory purposes of sentencing, and indicated that to the extent it was reasonable, a sentence above the Guidelines range could be imposed. Additionally, given that Tobar-Campos's sentence was far below the five-year statutory

8

maximum term of imprisonment, and was properly determined using the 18 U.S.C. § 3553(a) factors, Tobar-Campos has not carried his burden to show that his sentence was unreasonable.

**AFFIRMED.** [1]

---

[1] Tobar-Campos's request for oral argument is denied.