[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

No. 10-11411
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00017-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY EUGENE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 11, 2011)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Gregory Eugene Walker appeals his 70-month within-guideline sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Walker challenges the procedural and substantive reasonableness of his sentence. After thorough review, we affirm.

## I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (quoting United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009)). We first must "ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation marks omitted). Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quotation marks omitted). We look to the § 3553(a) factors to guide our substantive

reasonableness review. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

## II.

Walker first argues that the district court committed procedural error by failing to acknowledge his request for a non-custodial sentence and neglecting to explain its reasons for imposing Walker's sentence. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)). When the district court imposes a sentence within the guideline range "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The district court need only make "an acknowledgment . . . that it has considered the defendant's arguments and the factors in section 3553(a)." Talley, 431 F.3d at 786. "[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court did not commit procedural error. Before imposing Walker's within-guideline sentence, the court stated it had considered the guidelines and that Walker's sentence was "an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 U.S.C. § 3553(a) and adequately addresses the totality of the circumstances." Moreover, the district court gave Walker's counsel an opportunity to argue in support of Walker's request for a non-custodial sentence. Given that Walker's counsel reported to the district court that Walker had no technical objections to the presentence investigation report ("PSR") but merely requested a variance based on the § 3553(a) factors, the district court's explanation of Walker's sentence was sufficient.[1]

---

[1] Walker argues for the first time on appeal that the district court failed to confirm, pursuant to Fed. R. Crim. P. 32(i)(1)(A), that Walker and his counsel had reviewed and discussed the PSR. Rule 32(i)(1)(A) requires the sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report." The district court did not plainly err in violation of Rule 32. See United States v. Gerrow, 232 F.3d 831, 833 (11th Cir. 2000) (plain error review applies to arguments raised for the first time on appeal). At the beginning of Walker's sentencing hearing, Walker's counsel informed the district court that he had filed an objection to the PSR based on "certain 3553(a) factors that warrant a departure" but reported that he had "no technical objections to the PSR." Walker's counsel then described in detail the contents of the PSR and conceded that the guidelines calculation in the PSR was correct. The court noted on the record that the PSR had been considered and accepted. Additionally, Walker does not contend that any changes should have been made to the PSR and therefore

Walker next argues that his sentence is substantively unreasonable because the circumstances of his case warranted less severe punishment in light of the 18 U.S.C. § 3553(a) factors. When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a). United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); Pugh, 515 F.3d at 1191. We ordinarily expect a sentence within the guidelines range to be reasonable. Talley, 431 F.3d at 788. Further, it is within the district court's discretion to weigh the § 3553(a) factors, and "[w]e will not substitute our judgment in weighing the relevant [statutory] factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation marks omitted).

Walker's sentence is substantively reasonable. It is at the bottom of the applicable guideline range, which was 70 to 87 months. See Talley, 431 F.3d at 788. It is also well below the ten-year statutory maximum sentence for possession of a firearm by a convicted felon. See 18 U.S.C. § 924(a)(2). It was within the

---

cannot show prejudice.

district court's discretion to weigh the § 3553(a) factors, especially in light of Walker's criminal history, and select a sentence at the bottom of the guideline range.  See Amedeo, 487 F.3d at 832.

AFFIRMED.