[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2011
JOHN LEY
CLERK

No. 11-12408
Non-Argument Calendar

_____

D. C. Docket No. 4:10-cr-00228-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH O'NEAL KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 1, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Keith O'Neal Knight appeals his total 28-month sentence for theft of government funds, in violation of 18 U.S.C. § 641, and copyright infringement, in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(1). Knight argues, and the Government concedes, the district court committed reversible error at sentencing by failing to provide Knight an opportunity to allocute, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).

Because there was no objection at sentencing, the district court's denial of Knight's right of allocution is reviewed for plain error. *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). "To find reversible error under the plain error standard, this Court must conclude (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Id.* at 1251-52.

The relevant portion of Rule 32 states: "Before imposing sentence, the court must: . . . (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A). "The district court must clearly inform the defendant of his allocution rights, leaving 'no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.' " *United States v. Gerrow*, 232 F.3d 831, 833 (11th Cir. 2000) (quoting *Green v. United States*, 365 U.S. 301, 305 (1961)).

2

Here, it is undisputed: (1) the district court erred by failing to provide Knight an opportunity to allocute, (2) the district court's error was a plain because it was a clear and obvious violation of Rule 32, and (3) the error affected Knight's substantial rights because he did not receive the lowest possible sentence within the Sentencing Guidelines range. *Prouty*, 303 F.3d at 1253.

Accordingly, we vacate the sentence and remand for resentencing.

**VACATED AND REMANDED.**