[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14131
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00038-GKS-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MIDDLETON,
a.k.a. Stanley Holmes,
a.k.a. Melvin Drake,
a.k.a. Delroy Stevens,
a.k.a. Richard Kelly,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 25, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Middleton appeals his convictions and sentence of 70 months of imprisonment, following his pleas of guilty to possessing access device-making equipment, 18 U.S.C. § 1029(a)(4), (c)(1)(A)(ii), and to possessing a document-making implement with the intent to produce a false identification document, *id.* § 1028(a)(5), (b)(1)(C). Middleton argues, for the first time, that his pleas were not entered knowingly and voluntarily; the district court failed to allow him to allocute before imposing his sentence; and the district court failed to solicit objections after imposing the sentence. Middleton also argues that the district court miscalculated his sentence and that his sentence is unreasonable. We affirm Middleton's convictions, but because he was not afforded an opportunity to allocute, we vacate Middleton's sentence and remand for resentencing. In the light of our disposition, we need not address Middleton's remaining arguments.

Because Middleton failed to present to the district court his arguments about the validity of his guilty pleas and his right to allocute, we review for plain error. Before we can correct an error not presented to the district court, the defendant must establish that an error occurred that was plain and that affected his substantial rights. *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011). If those elements are satisfied, we may exercise our discretion to correct the error if it "seriously affected the fairness, integrity, or public reputation of a judicial

proceeding." *Id.*

The district court did not plainly err by accepting Middleton's pleas of guilty. Middleton argues that the district court failed to comply with Federal Rule of Criminal Procedure 11(b) to ensure that his guilty pleas were knowing and voluntary, but the district court questioned Middleton to determine whether he understood the crimes charged against him and the elements of those crimes; the rights he was waiving by pleading guilty; and the penalties for his offenses. *See United States v. Rodriguez*, 751 F.3d 1244, 1254 (11th Cir. 2014). Under further questioning by the prosecutor, Middleton acknowledged that he was not coerced to change his pleas to guilty and that the factual basis in his written plea agreement was accurate. Middleton agreed to waive his right to appeal his sentence and argues that the district court failed to explain adequately the consequences of his waiver, but even if we were to assume that the district court plainly erred, that did not affect Middleton's substantial rights. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). Middleton has not been prejudiced because the government waives enforcement of the waiver.

Middleton is entitled to a new sentencing hearing because the district court plainly erred by failing to give him an opportunity to allocute. The district court failed, "before imposing sentence, . . . [to] address [Middleton] personally in order to permit [him] to speak or present any information to mitigate the sentence." Fed.

3

R. Crim. P. 32(i)(4)(A).  The district court invited Middleton to "place on the record . . . anything [he wished] regarding the contents in the [presentence investigation] report," but Middleton was not allowed to "plead personally to the court for leniency in his sentence by stating mitigating factors and to have that plea considered by the court in determining the appropriate sentence," *United States v. Tamayo*, 80 F.3d 1514, 1518 (11th Cir. 1996).  The district court asked Middleton's attorney if there was "anything [he] wish[ed] to state at this time," but the inquiry directed "to counsel [did] not adequately protect [Middleton's] right of allocution."  *Perez*, 661 F.3d at 585; *see Gordon v. United States*, 518 F.3d 1291, 1299 (11th Cir. 2008).  The failure to allow Middleton to allocute affected his substantial rights because his sentence of 70 months exceeded the low end of his advisory sentencing range of 63 months.  *See Perez*, 661 F.3d at 586.  And the "denial of [Middleton's] right to allocute affects the fairness, integrity, and public reputation of judicial proceedings."  *Id.* (citing *United States v. Prouty*, 303 F.3d 1249, 1253 (11th Cir. 2002).  We exercise our discretion to correct the error in Middleton's sentencing hearing because "[f]ailing to give a defendant the opportunity to speak to the court directly when it might affect his sentence is manifestly unjust."  *Id.* (quoting *Prouty*, 303 F.3d at 1253).

The government argues that Middleton was given an "invitation to object to his sentence before it was finalized," but we disagree.  The district court

4

announced Middleton's sentence in futuristic terms by stating that it was "going to sentence [Middleton] to 70 months," but the district court also stated that it was imposing 3 years of supervised release, a $200 special assessment, and a forfeiture of his access devices. The district court did not revisit the subject of Middleton's sentence and proceeded to ask Middleton if "there [was] anything [he]'d like to state to the Court now that [he] [had] been sentenced." Because the district court failed to "clearly inform [Middleton] of his allocution rights" and to "issue[] [him] a personal invitation to speak prior to sentencing,'" *United States v. Gerrow*, 232 F.3d 831, 833 (11th Cir. 2000) (quoting *Green v. United States*, 365 U.S. 301, 305, 81 S. Ct. 653, 655 (1961)), we must vacate his sentence and remand for the district court to conduct a new sentencing hearing. During that hearing, the district court must give Middleton an opportunity "to speak or present any information to mitigate the sentence" before his sentence is imposed. Fed. R. Crim. P. 32(i)(4)(A).

We **AFFIRM** Middleton's convictions, but we **VACATE** his sentence and **REMAND** for resentencing in compliance with Rule 32(i)(4)(A).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

5