[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11049

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TONY BERNARD FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:05-cr-00085-MTT-CHW-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tony Franklin appeals the 36 months of supervised release imposed as part of his sentence following the revocation of his supervised release. Because his argument on appeal is foreclosed by binding precedent, we affirm.

I.

Franklin pleaded guilty to and was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (Count 1), and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2). Franklin was sentenced to consecutive terms of 57 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2, to be followed by 5 years' supervised release.

Franklin was alleged to have violated his term of supervised release by committing new state offenses. The district court held a revocation hearing during which it found that Franklin committed three violations of his supervised release. After hearing the parties' arguments, the district court revoked Franklin's supervised release and imposed a sentence of 30 months' imprisonment to be followed by 36 months' supervised release. Neither party objected to the term of supervised release imposed.

II.

On appeal, Franklin argues that the district court erred in imposing this term of supervised release because it exceeds what is statutorily authorized by 18 U.S.C. § 3583(h).  He contends that, under § 3583(b), his maximum terms of supervised release were 36 months for Count 1 and 60 months for Count 2.  Since § 3583(h) further reduces these maximum terms of supervised release by any term of imprisonment imposed as part of his revocation sentence, Franklin argues that the district could impose—at most—concurrent terms of 6 months' supervised release on Count 1 and 30 months' supervised release on Count 2.

Because Franklin did not raise this objection in the district court, we review only for plain error.  *United States v. Moore*, 22 F.4th 1258, 1264 (11th Cir. 2022).  To reverse under this standard, there must be (1) an error, (2) that is plain, (3) that affected the defendant's substantial rights, and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 1264–65 (internal quotation mark omitted).

When a district court revokes a defendant's initial term of supervised release and imposes a term of imprisonment, it may also include a subsequent term of supervised release as part of the revocation sentence.  18 U.S.C. § 3583(h).  The length of this term of supervised release may not "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  *Id.*  Section 3583

further states that, "[e]xcept as otherwise provided," the authorized term of supervised release for a Class A felony is not more than five years, and for a Class C felony, not more than three years. *Id.* § 3583(b)(1)-(2).

Violations of 18 U.S.C. § 924(c)(1) carry a maximum sentence of life and, as such, constitute Class A felonies. *United States v. Smith*, 967 F.3d 1196, 1215 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2538 (2021); 18 U.S.C. §§ 924(c)(1), 3559(a)(1). Violations of 21 U.S.C. § 841(b)(1)(C) carry a maximum sentence of 20 years' imprisonment, and are therefore Class C felonies, and the statute imposes "at least 3 years" of supervised release. *United States v. Gerrow*, 232 F.3d 831, 835 (11th Cir. 2000) (per curiam); 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(C).

As we have explained, § 841(b)(1)(C) fits within § 3583(b)'s "[e]xcept as otherwise provided" language because it expressly provides for a term of supervised release of at least three years. *United States v. Sanchez*, 269 F.3d 1250, 1287 (11th Cir. 2001) (en banc), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005). Relying on the text of the two statutes and their legislative histories, we concluded that "§ 3583(b) does not limit the term of supervised release authorized in § 841(b)(1)(C) and that a term of supervised release over the minimum set forth in § 841(b)(1)(C) may be imposed notwithstanding the provisions of § 3583(b)." *Id.*

### III.

Franklin's 36-month term of supervised release is not only valid but statutorily required under § 841(b)(1)(C). As we have explained, Franklin's § 841(b)(1)(C) conviction fits squarely within the exception that § 3583(b) expressly provides for. Given this exception, we have explicitly rejected the argument that Franklin asserts here: that § 3583(b) provides the upper bounds to any term of supervised release imposed under § 841(b)(1)(C). *See Sanchez*, 269 F.3d at 1287. Thus, § 3583(b)(2)'s upper limit is not the proper starting point for determining Franklin's term of supervised release under § 3583(h), and any term of supervised release at or above the statutorily required 36 months would have been legally valid.

Accordingly, because the district court committed no plain error, we affirm.

**AFFIRMED**.