**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darwyn E. PATTERSON, Defendant–Appellant.**

No. 92–6767.

United States Court of Appeals, Eleventh Circuit.

March 1, 1994.

Thomas Haas, Mobile, AL, for defendant-appellant.

Maria F. Stieber, Greg Brodenkircher, Asst. U.S. Attys., Mobile, AL, for plaintiff-appellee.

Before KRAVITCH, COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Appellant, Darwyn Patterson, pleaded guilty to possession of methamphetamine, in violation of 21 U.S.C. § 841(a), and to possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Patterson received a downward departure in his sentence based upon the court's finding that he had provided substantial assistance to the government. However, the court denied Patterson's motion for further downward departure, in which Patterson argued that he suffered from a mental impairment which had contributed to the commission of the offense. Patterson appeals his sentence on the ground that the district court misconstrued the applicable sentencing guideline in refusing to grant an additional downward departure for a mental impairment pursuant to U.S.S.G. § 5K2.13. Because we determine that the district court

correctly understood the scope of its authority to grant downward departure, we conclude that this court does not have jurisdiction to hear Patterson's appeal.

## I.

At sentencing, Patterson requested a downward departure based on U.S.S.G. § 5K2.13,[1] claiming that he suffered from a reduced mental capacity contributing to the commission of the offenses for which he was convicted. In its oral response to Patterson's motion for downward departure, the court stated:

> [I]t is not necessary for the court to determine whether or not the defendant was, in fact, living under a diminished mental capacity at the time he committed these crimes, although the court has great doubt as to whether or not he was. The court denies downward departure for that reason because under 5K2.13 of the guidelines, grounds for departure, there not only must be a diminished capacity, but it must be a diminished capacity which contributed to the offense. And it also must be the commission of a crime which does not indicate a need for incarceration to protect the public.... Also, I find that any reduced mental capacity which the defendant may have been suffering under at the time of the commission of the offense did not contribute to the commission of the offense.[2]

In its written statement of reasons for imposing the sentence, the court further found that "not only must there be diminished capacity, but a diminished capacity that caused the offense. The Court does not feel that diminished capacity caused the defendant to participate in the offense, therefore, the motion is denied."[3] Patterson contends that the court's misapprehension of the applicable sentencing guideline is revealed in the court's written declaration that the defendant's di-

1. U.S.S.G. § 5K2.13 provides:
   If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, pro-
   vided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

2. R3–104.

3. R1–Exhibit 70.

minished capacity must have *caused*—rather than *contributed to*—the commission of the offense. Patterson maintains that this statement suggests that the court did not fully comprehend its own authority to depart downward.

## II.

■ The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, prohibits a defendant from appealing a sentencing judge's refusal to make a downward departure from the guideline sentencing range. *U.S. v. Fossett*, 881 F.2d 976 (11th Cir.1989). This court has reasoned that "[t]o permit a defendant to appeal a sentence which falls below the guideline range would make meaningless the specificity of 18 U.S.C. § 3742, which permits a defendant to raise on appeal [only] the district court's upward departure from the guideline range." *U.S. v. Wright*, 895 F.2d 718, 721 (11th Cir.1990). Nonetheless, review is available for a sentencing challenge based upon the district court's belief that it had no authority to depart from the sentencing guideline range. *U.S. v. Fairman*, 947 F.2d 1479 (11th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 1503, 117 L.Ed.2d 642 (1992). Thus, this court has jurisdiction to review Patterson's appeal only if the sentencing court denied downward departure based upon a misapprehension of its own discretionary authority to depart downward.

■ Patterson's contention that the district court felt that it did not have the discretion to depart downward is erroneous. The court's decision not to depart downward based on Patterson's mental condition evinced an unequivocal determination that it did possess the authority to do so. This was evidenced in part by the fact that the court based its decision on a substantive analysis of Patterson's allegations regarding mental impairment and not on the court's own lack of discretionary authority. In other words, the court made substantive findings with respect to whether the alleged mental impairment contributed to the commission of the offense. After noting that it did not fully credit Patterson's claim that he suffered from a reduced mental capacity, the court specifically found that even if such a mental deficit existed, it did not contribute to the commission of the crime for which Patterson had pleaded guilty. The court's oral statements at sentencing demonstrate that the court realized that it *could* depart downward if it found as a factual matter that the alleged mental impairment contributed to the commission of the underlying offense. The court obviously understood the scope of its authority to depart downward but, finding that the requisite elements that would permit downward departure were not present, chose not to do so.

Moreover, although the court may have been imprecise in the wording of its written reasons for denying the departure in stating that Patterson's impairment did not "cause" the commission of the instant offense rather than using the correct terminology, "contribute to" the commission of the offense, this does not by itself constitute evidence of a misapprehension of the statute. The court's initial, oral statement employing the appropriate language as set forth in the guideline indicates that the court was fully aware of the proper standard to apply in evaluating whether to grant downward departure in this case. When it made the decision to deny the motion for downward departure, the court understood that the applicable legal standard involved a determination as to whether the mental impairment must have merely contributed to the commission of the offense. Because the sentencing court properly comprehended the scope of its authority to depart downward in imposing Patterson's sentence, we hold that this court does not have the jurisdiction to review this appeal. Accordingly, the appeal is DISMISSED.