[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-13406

_____

D.C. Docket No. 00-01128-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ALFONSO QUINTANA,
a.k.a Miguel Quintana-Alfonso,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 20, 2002)**

Before BIRCH and WILSON, Circuit Judges, and SHAPIRO, District Judge.

WILSON, Circuit Judge:

_____

*Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

Miguel Alfonso Quintana appeals the district court's imposition of a thirty-seven-month sentence pursuant to his plea of guilty to a charge of conspiracy to possess with the intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 846. Quintana argues that the district court erred in (1) refusing to consider his motion for a downward departure from the applicable guideline range; and (2) failing to address him personally to allow him the opportunity to allocute before the imposition of sentence. After carefully reviewing the parties' briefs and the record on appeal, we find no reversible error, and affirm Quintana's sentence.

I.

The district court rejected Quintana's motion for a downward departure as untimely and refused to permit oral argument on the merits of the motion. The district court decision was tacitly based upon Rule 88.8(6) of the Local Rules of the United States District Court for the Southern District of Florida, which mandates that motions for departure be filed no later than five days prior to the sentencing proceeding. Quintana did not file his request for departure until the day before the sentencing hearing; hence, his motion was not timely filed, and the district court's refusal to consider the merits of his motion was a proper application of the Local Rule.

It has been suggested that procedural time limits on requests for departure, such as those embodied in Local Rule 88.8(6), may conflict with our holding in *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled in part on other grounds* by *United States v. Morrill*, 984 F.2d 706, 707–708 (11th Cir. 1993)). In *Jones*, we outlined a rule requiring district courts to permit the parties to fully articulate any objections they have "to the sentence or to the manner in which the court pronounced it." *Id*. at 1102. The district court's failure to permit Quintana to argue the merits of his motion for downward departure is alleged to conflict with the *Jones* rule.

There is no tension between *Jones* and procedural rules for the proper filing of motions for downward departure, because the two rules address different aspects of the sentencing process. The rule announced in *Jones* is a mechanism for ensuring that any disputes over the ultimate sentence, once properly raised, are preserved for our review. *Jones* thus requires that the parties be given an opportunity at the sentencing hearing to articulate any properly filed objections to the findings made in the presentence report (PSI). *Id*. ("Therefore, the district

court must give the parties an opportunity . . . to resolve the objections contained in the [PSI] addendum.").[1]

The rule announced in *Jones* also recognizes that certain objections may arise at the sentencing hearing that could not have been anticipated through a prehearing review of the PSI. New objections may need to be raised if, "[f]or example, the district court [does] not adopt as its own findings of fact the facts recited in the report or apply the guidelines in the manner proposed." *Id*. Therefore, *Jones* requires the court to elicit any novel objections, along with the grounds for those objections, after the imposition of sentence. This requirement "serve[s] the dual purpose of permitting the district court to correct on the spot any error it may have made and of guiding appellate review." *Id*.

There is nothing in *Jones*, however, that requires district courts to permit argument at the sentencing hearing on the merits of objections to the PSI, or motions for downward departure, that were not initially raised in a timely fashion. The sentencing guidelines urge federal district courts to "adopt procedures to

---

[1]*Jones* does not mention the necessity of giving the parties the opportunity to argue the merits of properly filed motions for downward departure. This is likely because *Jones* is primarily concerned with the preservation of a record on appeal, and a district court's refusal to depart downward is not appealable unless the district court erroneously thought that it lacked the discretion to do so. *United States v. Patterson*, 15 F.3d 169, 171 (11th Cir. 1994).

provide for . . . the narrowing and resolution, where feasible, of issues in dispute in advance of the sentencing hearing; and the identification for the court of issues remaining in dispute." U.S.S.G. § 6A1.2. Local Rule 88.8(6) represents a reasonable effort to ensure that challenges to the proposed application of the guidelines be identified prior to the sentencing hearing. *Jones* does not mandate that district courts entertain arguments on the merits of time-barred objections to the PSI or motions for departure. Rather, it simply requires that courts give parties the opportunity (1) to articulate any novel objections to the sentence or the sentencing procedure; and (2) to resolve any properly filed objections to the PSI or prehearing motions.

In the instant case, the court refused to address the merits of Quintana's untimely motion for downward departure. It did, however, give Quintana the opportunity to object to the finding that the motion was untimely, which he appears to have done.[2] That is the only issue properly before us with respect to the motion for downward departure. Quintana's claim that his motion was timely filed is without merit. We therefore affirm the district court's dismissal of that motion.

---

[2]Quintana asked the court to reconsider its initial refusal to consider the merits of the motion. Later, the court appears to have referred to this request for reconsideration as an "objection," and we will construe it as such.

II.

Quintana was not addressed by the court personally and given an opportunity to allocute prior to the imposition of his sentence.[3] Quintana argues that the district court's failure to address him and permit him to allocute, even though he did not object to this omission, mandates that we vacate his sentence and remand the case for a new sentencing proceeding.

Federal Rule of Criminal Procedure 32(c)(3)(C) requires the district court "[b]efore imposing sentence . . . [to] address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." "The district court must clearly inform the defendant of his allocution rights, leaving no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *United States v. Gerrow*, 232 F.3d 831, 833 (11th Cir. 2000) (per curiam), *cert. denied*, __ U.S. __, 122 S. Ct. 75 (2001).

A defendant's right to address the court personally prior to the imposition of sentence serves several compelling values. The ability to speak directly to the

---

[3] Prior to imposing sentence, the court did ask Quintana's attorney if there was "anything further that you or your client would like to say?" The court never addressed Quintana personally, and the government concedes that Quintana was not given the opportunity to allocute as required by Federal Rule of Criminal Procedure 32(c)(3)(C). *Brief for the United States* at 22.

sentencing judge "gives the defendant one more opportunity . . . to throw himself on the mercy of the court." *United States v. Dabeit*, 231 F.3d 979, 981 (5th Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 1202 (2001). The defendant's comments may, in some circumstances, have a tangible effect on the sentence imposed; the Supreme Court has noted that "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304 (1961). However, even in situations where a defendant's comments stand little chance of influencing the sentencing judge, the right retains a symbolic significance. *Dabeit*, 231 F.3d at 981. After having the opportunity to address the court personally, a defendant can rest assured that the court is aware of any individual circumstances necessary to the imposition of a fair sentence. In this way, regardless of the outcome, allocution helps "maximiz[e] the perceived equity of the [sentencing] process." *Id.*

Nonetheless, our case law makes it clear that a district court's failure to permit a defendant to allocute at sentencing does not rise to the level of a constitutional error or a fundamental procedural defect, such that the omission is "inconsistent with the rudimentary demands of fair procedure." *United States v. Tamayo*, 80 F.3d 1514, 1521 (11th Cir. 1996) (internal quotation marks omitted). If the defendant does not object to the district court's failure to permit allocution at

7

sentencing, we will remand only if the failure results in manifest injustice. *Id*. Our case law equates manifest injustice with the plain error standard of review. *United States v. McClendon*, 195 F.3d 598, 603 (11th Cir. 1999) (per curiam). To demonstrate manifest injustice, a petitioner must demonstrate (1) that there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fundamental fairness of the proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

In the instant case, Quintana cannot meet this high bar, because he was sentenced to the lowest term of imprisonment permissible under the guidelines and he is unable to articulate anything that he could have said that could have driven the sentence below the lowest end of the guideline range. *See Gerrow*, 232 F.3d at 834 (finding no manifest injustice when appellant was sentenced at the low end of the guideline range and could not offer any facts that, if articulated by the defendant before sentencing, would have resulted in a lower sentence); *United States v. Rodriguez-Velasquez*, 132 F.3d 698, 700 (11th Cir. 1998) (per curiam) (finding no manifest injustice where the defendant, despite a failure to allocute, received the lowest possible sentence under the guidelines). We see no manifest injustice in Quintana's sentence. Hence, we decline to disturb that sentence on appeal.

For the forgoing reasons, Quintana's sentence is

AFFIRMED.