

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# USA v. Lewis

Precedential or Non-Precedential: Non-Precedential

Docket 02-2541

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Lewis" (2003). *2003 Decisions.* Paper 608.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/608

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2541

_____

UNITED STATES OF AMERICA

v.

VINCENT LEWIS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(2:00CR0066-02)
District Judge:  The Honorable Jay C. Waldman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2003

Before: ALITO and FUENTES, <u>Circuit</u> <u>Judges</u> and PISANO*, <u>District</u> <u>Judge</u>

(Opinion Filed: April 28, 2003)
_____

* The Honorable Joel A. Pisano, United States District Judge for the District of New Jersey,
sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit</u> <u>Judge</u>:

Defendant Vincent Lewis appeals the sentence imposed on him by the District Court. Defendant pled guilty to conspiracy to distribute more than 50 grams of "crack" cocaine, in violation of 21 U.S.C. § 846; distribution of more than 50 grams of "crack" cocaine within 1,000 feet of a public housing project, in violation of 21 U.S.C. § 860; and two counts of distribution and aiding and abetting the distribution of more than 50 grams of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In the plea agreement, defendant acknowledged that, if the United States Probation Officer later determined that he had at least two prior felony convictions involving either crimes of violence or controlled substances, then he would be considered to be a career offender under U.S.S.G. § 4B1.1, his offense level would be 37, and his criminal history category would be VI, resulting in a sentencing range of 360 months to life imprisonment.

Because defendant had been convicted of two prior felony controlled substances offenses, the presentence report indicated that a sentence of 360 months to life was appropriate. Defendant did not contest the sentencing guidelines calculation at the sentencing hearing. The District Court imposed the minimum sentence of 360 months

imprisonment, 10 years supervised release, and a $400 special assessment.

On appeal, defendant asserts that, prior to sentencing, he submitted a sentencing memorandum to the Court, in which counsel argued that the Court should grant a downward departure because defendant's career offender status overstated his criminal history and likelihood of recidivism and because defendant suffered from extraordinary physical impairments, i.e. end stage kidney disease and HIV. Defendant asserts that it is impossible to discern from the record whether the Court did not rule on his downward departure motion, denied the request after due consideration, or believed it lacked the discretion to depart downward. Accordingly, defendant asserts that this Court should vacate his sentence and remand for resentencing.

In response, the government explains why the record of the sentencing hearing does not reflect the District Court's consideration of defendant's motion for downward departure. The government explains that, although the docket reflects that defendant's sentencing memorandum had been filed one day before sentencing, neither the District Court nor the government received a copy before sentencing. Because the motion was not received by the government or the Court prior to sentencing and neither the defendant nor his counsel advised the Court during the sentencing hearing that they had filed a downward departure motion, the Court did not consider it in imposing a sentence.

The government agrees that the interests of justice warrants a remand to permit a hearing on defendant's motion for downward departure. We therefore vacate the judgment

of sentence entered in this case and remand the matter for resentencing.[1]

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/ Julio M. Fuentes
Circuit Judge

---

[1]The government has also raised the possibility that the District Court did not consider Lewis's motion because it was untimely. A District Court retains the discretion to consider an untimely motion for a downward departure but is not obligated to do so. See United States v. Rashid, 274 F.3d 407, 416 (6th Cir. 2001). If the District Court did not consider Lewis's motion for this reason, it should state as much on remand, because it may foreclose our jurisdiction over a possible subsequent appeal. See United States v. Quintana, 300 F.3d 1227, 1230–31 (11th Cir. 2002).