[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2005
THOMAS  K. KAHN
CLERK

No. 04-14769
Non-Argument Calendar

_____

D.C. Docket No. 03-20752-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GALVEZ CARMONA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 29, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Fed. R. Crim. P. 32(i)(4)(A)(ii) requires district courts, before imposing

sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Guillermo Galvez Carmona contends that the district court failed to comply with that Rule. Galvez now states that, at sentencing, he wanted the opportunity to explain that he committed his crime because he was under duress. Specifically, he says that Colombian guerillas forced him and his wife to travel to the United States with heroin in their luggage.

Because Galvez did not object at sentencing, our review is for plain error. United States v. Quintana, 300 F.3d 1227, 1231–32 (11th Cir. 2002). To satisfy the plain-error standard, we must find that (1) the district court committed error, (2) the error was plain or obvious, and (3) the error affected substantial rights. United States v. Olano, 507 U.S. 725, 730–32, 113 S. Ct. 1770, 1776 (1993). If these three prongs are met, we may correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736, 113 S. Ct. at 1779 (internal quotations and citation omitted). Galvez's claim fails at the very first prong: there was no error.

The sentencing hearing was brief. The government stated that there were no outstanding issues, reiterated that the safety valve applied and recommended that Galvez be sentenced at the low end of the applicable guidelines range. The

2

following exchange then occurred:

> THE COURT:  Is there anything <u>from the defendant</u> or defense counsel?
> MR. NORRIS:  Your Honor, just that produces a guidelines range.
> THE COURT:  I'll go over that. . . . [The court then set out the guidelines range.]
> Is there anything from the defense <u>or the defendant</u>?
> MR. NORRIS [defense counsel]:  Nothing, your Honor.
> THE COURT:  It is my intention to give the low end of the guideline range. You might be able to talk me out of it if you work real hard at it.
> THE DEFENDANT:  I hope God hears you.
> THE COURT:  I'm sure he does.  That is one thing I'm confident of.
> MR. NORRIS:  In that case, you Honor, we have nothing further.
> THE COURT:  You are certainly welcome to say something.
> Mr. NORRIS:  With the Olympics going on, Judge, it is the appropriate time the wisdom of saying don't snatch defeat from the jaws of victory.

<u>Id.</u> at 4–5 (emphasis added).   The court then imposed a sentence at the bottom of the guidelines range and declined to impose a fine.

Galvez was not denied the opportunity to allocute. The court twice asked Galvez if he had anything to say and once engaged in a brief exchange with him.

**AFFIRMED.**