[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15210
Non-Argument Calendar

_____

D. C. Docket No. 04-00105-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GONZALEZ-BARAJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Carlos Gonzalez-Barajas appeals his 33-month sentence for unlawful reentry

following removal, in violation of 8 U.S.C. § 1326(a). On appeal, Gonzalez

contends that the district court should have granted a downward departure on the basis of his criminal history category overrepresenting the seriousness of his criminal history, pursuant to U.S.S.G. § 4A1.3. Initially, Gonzalez claims that this Court has the authority to review the district court's denial of a downward departure because the court erroneously believed it was not authorized to depart. Gonzalez then argues that the district court should not have solely examined the timing and pattern of his offenses in denying the downward departure, but should have considered the nature and quality of the juvenile offenses before determining whether to depart downward.

We do not normally review the district court's denial of a downward departure, except in cases where the district court incorrectly believed that it did not have authority to depart. United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir. 2003). If the district court expresses ambivalence about its authority to depart, we review the record to determine the district court's understanding. United States v. Hansen, 262 F.3d 1217, 1255 (11th Cir. 2001). "Where . . . the district court's statements reflect an ambiguity concerning its ability to depart, we resolve the ambiguity in favor of the defendant" and review the court's downward departure decision. Id. at 1279 n.3. However, "we assume that the sentencing court understood it had authority to depart downward" when the record does not indicate

any ambivalence. United States v. Chase, 174 F.3d 1193, 1195 (11th Cir.1999). When the district court properly recognizes the scope of its authority to depart, this Court has no jurisdiction to review the denial of a downward departure and will dismiss the appeal. United States v. Patterson, 15 F.3d 169, 171 (11th Cir. 1994).

We conclude that the district court properly understood its authority to depart because the court found that: (1) the timing and pattern of Gonzalez's crimes weighed against granting a downward departure pursuant to § 4A1.3; and (2) case law prohibited it from examining the facts of prior crimes when considering a departure pursuant to § 4A1.3. See United States v. Phillips, 120 F.3d 227, 231-32 (11th Cir.1997) (rejecting defendant's contention that the circumstances surrounding a prior conviction can be considered in U.S.S.G. § 4A1.3 departures, and stating the U.S.S.G. § 4A1.3 policy statement "is concerned with the pattern or timing of prior convictions"). Because the district court understood it had the authority to depart, we cannot review the district court's denial of the downward departure. Accordingly, we dismiss Gonzalez's appeal.

**DISMISSED.**[1]

---

[1] Gonzalez's request for oral argument is denied.