[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12578
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20027-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIA TAISHA GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2014)

Before WILSON, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Emilia Taisha Glover was initially charged in a four-count indictment.

Pursuant to a plea agreement, however, Glover pleaded guilty to only two of those

charges: unauthorized use of a credit card to obtain more than $1,000 in goods, in violation of 18 U.S.C. § 1029(a)(2) (Count 2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 4).  Glover was sentenced to 34 months total—10 months, which was at the low end of the guidelines, for Count 2, and 24 months, a required statutory sentence, for Count 4.  She appeals her 10-month sentence, arguing that it was procedurally and substantively unreasonable. We affirm.

I.    Standard of Review

We review the reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "That familiar standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The burden of establishing unreasonableness lies with the party challenging the sentence.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Because Glover failed to object to her sentence on procedural reasonableness grounds in the district court, we review her procedural reasonableness challenge for plain error.  *See United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990) *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc) (per curiam).  In *Jones*, we held:

> [When] the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.

*Id.* And "[o]ur case law equates manifest injustice with the plain error standard of review." *United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002). Under plain error review, we ask whether there is: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, (2002) (citations and internal quotation marks omitted). If these three conditions are met, we then decide whether the error seriously affected the fairness, integrity or public reputation of the judicial proceeding. *Id.*

II.    Discussion

A. Reasonableness of Sentence

When reviewing the reasonableness of a sentence, we will first

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

In explaining the sentence, the district court should provide enough information to satisfy the reviewing court of the fact that it considered the parties' arguments and has a reasoned basis for making its decision, *see Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007), but "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

After we determine that the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We have held that

> [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. As for the third way that discretion can be abused, a district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably.

*Irey*, 612 F.3d at 1189 (citations and internal quotation marks omitted).

A district court's unfounded reliance on a single factor "may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, significant reliance on a single factor does not necessarily make a sentence unreasonable. *Id.* at 1192; *see Gall*, 552 U.S. at 57, 128 S. Ct. at 600 (holding that a district court did not commit reversible error simply because it

4

"attached great weight" to one factor).  We have held that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (alterations and internal quotation marks omitted).

When reviewing a sentence for reasonableness, we also assess whether the sentence imposed by the district court fails to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).  *Talley*, 431 F.3d at 788. "In order to determine whether that has occurred, we are required to make the sentencing calculus ourselves and to review each step the district court took in making it."  *Irey*, 612 F.3d at 1189 (alteration and internal quotation marks omitted).

Pursuant to § 3553(a), the sentencing court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care.  18 U.S.C. § 3553(a)(2).  The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, the pertinent policy statements of the Sentencing

Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)–(7). In reviewing the court's application of these factors, we will vacate a sentence

> if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

*Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

### B. Glover's Sentence

Glover first argues that her 10-month sentence under Count 2 was procedurally unreasonable because the district court failed to discuss the § 3553(a) factors. She contends that the record is unclear as to whether the district court considered the § 3553(a) factors with respect to anything other than Glover's ability to pay a fine.

The record clearly indicates that the district court properly considered the § 3553(a) factors in determining Glover's sentence. First, before pronouncing her sentence, the district court expressly stated that it considered the statements of all parties, the advisory sentencing guidelines, and each of factors set forth in § 3553(a). *See United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010). Glover's contention that the district court considered the § 3553(a) factors only with regard to her ability to pay a fine is based on an overly technical reading of the sentencing hearing transcript; the argument is not persuasive. Further, although

6

the district court was not required to address each of the § 3553(a) factors individually, it specifically discussed not only Glover's criminal history but also her mental health issues, noting that these issues are significant and out of Glover's control. *See id.* As a result, Glover has not demonstrated a procedural error that is plain and affects her substantial rights.

Glover also argues that her 10-month sentence under Count 2 is substantively unreasonable because the district court focused excessively on her non-violent criminal history and failed to give due consideration to other relevant factors under § 3553(a), including her mental health status and need for treatment, her role as the primary caregiver for two disabled children, the types of sentences available to the court, and her request for a downward variance.

First, it is true that the court placed specific emphasis on Glover's criminal history, but it did not do so to the exclusion of all of the other § 3553(a) factors. *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The district court permitted Glover to appoint a psychiatrist to conduct a mental examination for the record, and the court specifically acknowledged Glover's "serious mental health issues" at the sentencing hearing. However, the court asserted that Glover's "seven prior theft-related offenses" outweighed the other considerations present in her case. The weight to be given any particular factor is left to the sound discretion of the district court, absent a clear error of judgment. *Pugh*, 515 F.3d at 1191;

*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We find no such error.

Moreover, the sentence met the goals encompassed within § 3553(a). In particular, the court expressed concern regarding Glover's history of theft-related offenses, which is extensive. Glover has been arrested on numerous occasions for offenses similar to the offense in the instant case. Most of her prior sentences were probationary, though she served two jail terms of 180 days and 45 days after violating probation. Considering Glover's history of theft-related offenses that continued even after Glover spent short amounts of time in jail, the district court was within its discretion to conclude that a custodial sentence within the guideline range for Count 2 was necessary in order to promote respect for the law, provide just punishment, and deter Glover from further criminal activity. *See* 18 U.S.C. § 3553(a)(2).

Lastly, the court's sentence of 10 months for Count 2 represented the lowest end of the applicable guideline range of 10 to 16 months, and we ordinarily expect a sentence in the guideline range to be reasonable. *See Talley*, 431 F.3d at 788. Glover's sentence is also well below the 10-year statutory maximum penalty. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

**AFFIRMED.**