[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13162

_____

D. C. Docket No. 1:09-cr-20519-JLK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SPENCER SAINT-ELOIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2014)

Before MARCUS, Circuit Judge, and COOGLER* and BOWEN,** District Judges.

PER CURIAM:

_____

* Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

** Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

A jury convicted Spencer Saint-Eloide of one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine, violations of 21 U.S.C. § 846(a) and § 841(a)(1), respectively. Upon determining that Saint-Eloide's advisory guideline range was 78 to 97 months imprisonment, the district court sentenced him to serve 78 months on each count to run concurrently. On appeal, Saint-Eloide argues that the district court denied his right of allocution at sentencing.[1]

Where a defendant does not object to the district court's denial of the right of allocution, we review for manifest injustice. United States v. Quintana, 300 F.3d 1227, 1231-32 (11th Cir. 2002). The manifest injustice standard is equivalent to plain error review. Id. at 1232. Under the plain error standard, we will reverse only if: (1) there is error (2) that is plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of a judicial proceeding. United States v. Perez, 661 F.3d 568, 583 (11th Cir. 2011).

---

[1] In denying Saint-Eloide's appointed counsel's motion to withdraw after filing an Anders brief, see Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), this Court directed counsel to brief three issues. In brief and at oral argument, Saint-Eloide's counsel abandoned two of the three issues: (1) the reasonableness of his sentence given the district court's failure to discuss the 18 U.S.C. § 3553(a) factors and failure to hear from Saint-Eloide's personal witnesses; and (2) the denial of a minor role reduction under the sentencing guidelines.

At sentencing, the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). For purposes of this appeal, assuming *arguendo* that Saint-Eloide has established the first two prongs of the plain error rule, Saint-Eloide nevertheless has the burden of demonstrating that the error affected his substantial rights. See Perez, 661 F.3d at 585.

We have held that the denial of the right of allocution presumptively affects a defendant's substantial rights only where the possibility of a lower guidelines sentence exists. Id. at 586 (cited sources omitted). Here, Saint-Eloide was sentenced at the bottom end of the applicable guideline range. Therefore, no presumption of prejudice arises. Saint-Eloide claims nonetheless that the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), requires us to presume prejudice even in cases where a defendant receives the lowest possible guidelines sentence. Saint-Eloide points out that his guideline range is advisory, whereas the guideline range in pre-Booker cases was mandatory for district courts. He further argues that in a post-Booker world, the bottom of a guideline range is no longer the lowest term of imprisonment permissible. We do not think this makes any difference.

Saint-Eloide's request that we presume prejudice in his case fails for a few reasons. For one thing, we have held in binding post-Booker precedent that, on plain error review, "it is the defendant rather than the government who bears the burden of persuasion with respect to prejudice." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (alterations omitted). In the second place, even before Booker, a defendant who received a bottom-end guidelines sentence could demonstrate, under certain circumstances, that the denial of his right of allocution affected his substantial rights. Pre-Booker, in cases where a defendant who was not permitted to allocute nevertheless received the lowest possible guidelines sentence, the burden was on the defendant to demonstrate manifest injustice. Quintana, 300 F.3d at 1232 (concluding that the defendant could not show manifest injustice "because he was sentenced to the lowest term of imprisonment permissible under the guidelines and he is unable to articulate anything that he could have said that could have driven the sentence below the lowest end of the guideline range" (emphasis added)). Post-Booker, the burden remains on the defendant to show manifest injustice, that is, that the district court would have sentenced below the advisory guideline range. Prejudice is only presumed when the defendant is not sentenced at the bottom end of the applicable guideline range.

In this case, Saint-Eloide has not presented evidence or argument to show that the district court might have been inclined to sentence below the bottom of the

4

advisory guideline range.  Accordingly, he has failed to show that any error in denying his right of allocution affected his substantial rights.

Because Saint-Eloide has failed to demonstrate plain error, we affirm the judgment of the district court.

**AFFIRMED.**