Sanchez-Juarez v. Garland

BIA
Douchy, IJ
A208 157 972

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-three.

**PRESENT:**
> **REENA RAGGI,**
> **JOSEPH F. BIANCO,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**OSCAR SANCHEZ-JUAREZ,**[1]
> *Petitioner,*

> **v.**                                                    **21-6460**
>                                                           **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

**FOR PETITIONER:** Anne Pilsbury, Esq., Central American Legal Assistance, Brooklyn, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Erica B. Miles, Acting Assistant Director, Office of Immigration Litigation; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oscar Sanchez-Juarez, a native and citizen of El Salvador, seeks review of a July 21, 2021 decision of the BIA affirming a November 27, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Oscar Sanchez-Juarez*, No. A 208 157 972 (B.I.A. July 21, 2021), *aff'g* No. A 208 157 972 (Immigr. Ct. N.Y. City, Nov. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence

and questions of law and application of law to fact *de novo*. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We find no error in the agency's determination that Sanchez-Juarez failed to establish past persecution or a well-founded fear of persecution on the basis of an imputed anti-gang political opinion or as an immediate family member of a Salvadoran police officer.

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear (asylum) or likelihood (withholding of removal) of persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).

I.    Past Persecution

The agency did not err in concluding that Sanchez-Juarez did not establish past persecution. Generally, "applicants can become candidates for asylum relief

3

only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citation omitted).

Sanchez-Juarez testified that his father was murdered by gang members because he was a police officer, and afterwards his family received three unsigned letters threatening to kill them if they did not leave. They believed the letters were from gang members. After receiving the third letter, Sanchez-Juarez relocated a four-hour drive away to live with his grandmother. The threats stopped, but his cousin was murdered at some later time—gang members pulled him off a bus, which Sanchez-Juarez also usually rode, and his body was found months later. While tragic, these murders do not constitute persecution of Sanchez-Juarez. *See Shi Liang Lin*, 494 F.3d at 308; *Tao Jiang v. Gonzales*, 500 F.3d 137, 143 (2d Cir. 2007) (denying petition where applicant personally suffered no abuse and did not share the characteristic that triggered his parent's persecution).

The agency did not err in concluding that the threatening letters did not rise to the level of persecution. The letters were unsigned and thrown at the house

rather than delivered to the family, and Sanchez-Jaurez did not provide details that would link the letters to his father's murder. Absent evidence that the threats were imminent or against him personally, the agency reasonably concluded that they did not rise to the level of persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir. 2006) (per curiam) (collecting cases rejecting claim that threats were sufficient to show past persecution); *see also Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (requiring evidence that threats were "imminent or concrete" (internal quotation marks and citation omitted)).

II. Well-Founded Fear of Future Persecution

Absent past persecution, a noncitizen may establish eligibility for asylum by demonstrating a "well-founded fear" of future persecution. 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (per curiam). A "fear may be well-founded even if there is only a slight,

5

though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129. In addition to being well founded, the fear must be on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i). The agency did not err in concluding that Sanchez-Juarez failed to establish a well-founded fear of persecution on account of actual or imputed political opinion or his membership in a particular social group of families of police officers.

As the government argues, Sanchez-Juarez abandoned his challenge to the denial of his political opinion claim by failing to adequately raise it in his opening brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (holding that an issue is not adequately raised when it is argued "for the first time in a reply brief"). Even if we were to consider the issue, we would find no error in the agency's conclusion. Sanchez-Juarez did not provide "solid support" for his claim that he would be targeted on account of his anti-gang political opinion.

6

*Jian Xing Huang*, 421 F.3d at 129. "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," *Yueqing Zhang*, 426 F.3d at 545, either "actual or imputed," *Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010). Although Sanchez-Juarez was credible as to his *belief* that MS-13 sent the letters and that it did so because gang members were arrested for his father's murder, neither that belief nor alleged retaliation for the arrests establishes that the gang members perceived him as having a political opinion. "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (internal quotation marks and citation omitted). "Fears of retribution over purely personal matters or general conditions of upheaval and unrest do not constitute cognizable bases for granting asylum." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199 (2d Cir. 2021) (alterations adopted) (internal quotation marks and citation omitted).

As to the social group claim, the agency reasonably concluded that Sanchez-Juarez failed to establish a well-founded fear of persecution on account of his membership in the particular social group of families of police officers. He had the burden to establish that this fear was well-founded, "that the group itself was

7

cognizable, and that the alleged persecutors targeted the applicant on account of [his] membership in that group." *Paloka*, 762 F.3d at 195 (internal quotation marks and citation omitted). Even assuming this proposed social group was cognizable, Sanchez-Juarez failed to establish an objectively reasonable fear that he would be harmed because of his membership in that group. His fear of harm as the immediate family member of a police officer was undercut by his own testimony that none of his father's immediate family members have been approached, threatened, or harmed by gang members in El Salvador since his murder. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding an applicant's fear diminished when similarly situated family members remain unharmed in applicant's native country). And there was no evidence that he was the intended target in his cousin's murder. The fact that gang members singled out Sanchez-Juarez's cousin is not evidence of mistaken identity, particularly given the absence of prior or future attempts to harm Sanchez-Juarez or more immediate members of his father's family. *See Jian Xing Huang*, 421 F.3d at 128–29 (finding no well-founded fear when applicant supported his claim with "sparse and uncorroborated" testimony, and failed "to offer credible, specific, and detailed evidence"). While Sanchez-Juarez argues that country conditions evidence

8

shows that police officers' families are targeted for violence, that evidence does not compel a conclusion that *he* had a well-founded fear given the absence of harm or attempted harm of other members of his father's immediate family. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that when the "agency's conclusion finds support in record evidence," a noncitizen "cannot secure . . . relief by pointing to conflicting evidence that might support–but not compel–a different conclusion").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
